IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| MILCAR ELIZABETH ARGUETA CHAVEZ, ET AL. | § § § | |
| VS. | § § | CIVIL ACTION NO. G-08-181 |
| GALVESTON COUNTY, TEXAS, ET AL. | § § § | |

**O R D E R**

On February 5, 2009, this Court conducted a Scheduling Conference in the above-styled and numbered cause. Having conferred with and considered arguments of counsel, the Court is of the opinion that the following Orders are appropriate.

Plaintiffs have sued Sheriff Gean Leonard in both his official and individual capacities. Leonard, in his individual capacity, is entitled to specific recitals of his personal involvement in the events respecting Arturo Chavez, Lynch v. Canatella, 810 F.2d 1363, 1377 (5th Cir. 1987), therefore, Leonard's Motion for a More Definite Statement (Instrument no. 17) as to this cause of action is **GRANTED** and Plaintiffs **SHALL** file the More Definite Statement on or before **February 27, 2009**. Insofar as Leonard seeks dismissal on this basis, his Motion to Dismiss (Instrument no. 17) is **DENIED**, without prejudice to being reasserted after Plaintiff's More Definite Statement is filed.

Plaintiff's official capacity claims against Leonard are legally and in reality merely claims against Galveston County, Thompson v. City of Arlington, Texas, 838 F.Supp. 1137, 1143 (N.D. Tex. 1993), therefore, the Defendants' Motion to Dismiss these claims is **GRANTED** and they are **DISMISSED**.

Pursuant to the Defendants' Motion, Plaintiff's state law wrongful death claims against Galveston County and Leonard in his official capacity are also **DISMISSED**; a County is not a "person" subject to suit under the Texas Wrongful Death statute and this Court, therefore, lacks subject matter jurisdiction over such a claim. <u>County of El Paso v. Dorado</u>, 33 S.W.3d 44, 46 (Tex. App -- El Paso, 2000)

If Plaintiffs are asserting any state law claims apart from their wrongful death claims, it is **ORDERED** that Plaintiffs **SHALL** file a More Definite Statement as to any such state law claims on or before **February 27, 2009**.

**DONE** at Galveston, Texas, this   5th   day of February, 2009.

_____
John R. Froeschner
United States Magistrate Judge